Statement.

# Richmond.

LOWENBACH'S ADMINISTRATOR AND ANOTHER V. KELLEY.

November 17, 1910.

Absent, Cardwell, J.

1. FIERI FACIAS—*Motion to Quash—Parties—Estoppel.*—The trustee of a bankrupt who has intervened in a chancery suit to enforce the collection of a judgment, and asked to be made a party plaintiff on the ground that he, as trustee, is the owner of the judgment, cannot complain that he is made a party defendant to a motion to quash a *fieri facias* issued on the judgment upon which he relied to keep the judgment alive, although he was not a party of record to the original judgment, nor to the *fieri facias* sought to be quashed.

2. FIERI FACIAS—*Motion to Quash—Laches.*—A motion to quash a writ of *fieri facias*, issued on a judgment which was already barred by an act of limitations, is not barred by the laches of the debtor in making the motion. The creditor has not been prejudiced thereby.

3. SCIRE FACIAS—*Return Day.*—A *scire facias* to revive a judgment returnable more than ninety days after its date is in plain contravention of section 3220 of the Code, and is a void process.

4. FIERI FACIAS—*Motion to Quash—Limitation of Actions.*—There is no limitation on the time within which a motion must be made to quash a *fieri facias.* The motion is a summary remedy assimilated to the ancient writ of *audita querela,* but where that is in use the statute of limitations does not apply unless expressly mentioned.

5. FIERI FACIAS—*Motion to Quash—Writ not Alive.*—A motion may be made to quash a *fieri facias* although it be not alive.

Error to a judgment of the Circuit Court of Rockingham county on a motion to quash a writ of *fieri facias.* Judgment for the plaintiff in the motion. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*O. B. Roller* and *Edward C. Martz*, for the plaintiff in error.

*Conrad & Conrad* and *Tavenner & Bauserman*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Rockingham county quashing a writ of *fieri facias.*

A judgment in favor of M. Lowenbach, agent for John Smith, against John E. Kelley, was rendered at the October term, 1882, of that court. In November of that year a *fi. fa.* was issued thereon and returned no property found. In April, 1902, a *scire facias* was sued out on the judgment and made returnable to the 10th day of October following. At the April term, 1903, of the court, the defendant not appearing, an order was entered providing that the plaintiff might have execution upon the judgment. In May of the same year a *fi. fa.* was issued returnable to the first July rules, and was returned endorsed "returned by order of plaintiff's counsel." In the year 1906 a suit was instituted by Charles R. Lowenbach, who claimed to be the assignee of the judgment, to enforce the same by subjecting certain lands which he alleged the judgment debtor, Kelley, had fraudulently conveyed or caused to be conveyed to his wife. That suit, before a hearing, was dismissed without prejudice to the rights of any party in interest. In February, 1907, the personal representative of M̃. Lowenbach instituted a suit in chancery against Kelley and wife, to subject to the payment of the said judgment certain lands which it was charged Kelley had conveyed to his wife to hinder, delay and defraud his creditors.

Upon the 16th of November, 1908, after this cause was sub-

mitted to the court for decision, notice to quash the *fi. fa.* issued in May, 1903, was given to the personal representative of M. Lowenbach and to Benjamin Rosenheim, trustee in bankruptcy for M. Lowenbach.

The first error assigned is that the court erred in not dismissing the motion as to Rosenheim, trustee in bankruptcy.

The ground upon which this motion to dismiss was based is that he was not a party of record to the original judgment nor to any proceedings had in connection with issuing the *fi. fa.* sought to be quashed.

In the chancery cause instituted in 1907 by Lowenbach's administrator to enforce said judgment, Rosenheim, trustee in bankruptcy, filed his petition and asked to be made a party complainant in the cause, on the ground that the legal title to the judgment was in him as such trustee, and that the judgment belonged to the bankrupt's estate. Having claimed in that cause that the legal title to the judgment was in him as such trustee, he cannot complain that he was made a party to the motion to quash the *fi. fa.* issued on the judgment and upon which he relies in the chancery case as keeping the judgment alive.

Another error assigned is that Kelley is precluded by reason of his laches from maintaining his motion to quash.

It is no doubt true, as suggested by Judge Moncure in the case of *Beale's Admr.* v. *Botetourt Justices, &c.,* 10 Gratt. 278, 282, that a judgment debtor may lose his right to have an execution quashed for an irregularity after long acquiescence, where the judgment creditor may have lost his evidence to show that the execution was properly issued, and when his judgment may be barred by the statute of limitations. The ground of the motion to quash in this case is not a mere irregularity in issuing the execution, which rendered it voidable, but a defect which makes it void.

By section 3220 of the Code it is provided, that all process, whether original, mesne or final, except a summons for a

witness, shall be returnable within ninety days after its date. The *scire facias*, by which it was sought to revive the judgment upon which the execution was issued, was sued out April 16, 1902, and was made returnable on the 10th day of October, nearly six months after its date, in plain violation of law.

In *Kyles* v. *Ford*, 2 Rand. 1, where the *scire facias* was not made returnable either to the first day of the next court or a previous rule day, as required by the statute then in force, it was held to be void.

In *Levill & Jordan* v. *McCurdy's Ex'ors*, 77 Va., 763, it was decided that the statute making process returnable within ninety days after date embraced a writ of *scire facias* to award an execution upon a judgment, and that the *scire facias* in that case, being returnable more than ninety days after its date in plain violation of the statute, which was mandatory, was void.

. No prejudice has resulted to the judgment creditor in this case by reason of the debtor's delay in moving to quash the execution. No evidence has been lost that could possibly benefit the creditor, for the writ shows on its face that it was issued in violation of law. If the motion to quash had been made as soon as the execution was issued, it would not have saved the judgment from the bar of the statute of limitations, for more than twenty years had elapsed since the return day of the *fi. fa.* issued on the original judgment. Code, sec. 3577.

Another error assigned is that the motion to quash was barred by the statute of limitations. The argument to sustain this contention is that a motion to quash is a substitute for the common law writ of *audita querela;* that where motions are substituted for actions they partake of and are governed by the same laws that relate to the actions for which they are substituted; that the writ of *audita querela* is a personal action and can only be brought within five years after

the right accrued, as in other personal actions where there is no other special limitation provided; and that the same limitation is applicable to a motion to quash.

It seems to be true that in our practice the motion to quash is a summary remedy in use in all cases where by the ancient practice the party would be entitled to a writ of *audita querela.* *Steel* v. *Boyd*, 6 Leigh 547, 552-3, 29 Am. Dec. 218. But it also seems that where that ancient writ is in use the statute of limitations does not apply unless it is expressly named. The reason given is, that since the party injured may neither know of a judgment or execution in the former proceeding or the manner of procuring the same until some time after the rendition of the judgment or the issue of the execution, he is not limited to a specific time within which he must sue out his writ. See 4 Cyc. 1066; *Stone* v. *Sever*, 5 Vt. 549.

This case illustrates the propriety of not limiting an execution debtor to a specific time within which he must sue out his writ or make his motion to quash. The *fi. fa.* was issued by the clerk and returned by direction of the execution creditor's attorney, so that the execution debtor may not have known, as he claims and testifies, of its issue for years afterwards, or until the bill was filed in the chancery cause instituted in the year 1906 to enforce the judgment in which the issue and return of the *fi. fa.* are averred.

See also *Slingluff* v. *Collins*, 109 Va. 717, 64 S. E. 1055, which was a motion to amend the sheriff's return on an execution made nearly twenty years afterwards, where it was held that there was no specific limitation of time within which the amendment might be made.

We are of opinion that the statute of limitations does not apply to this case.

The remaining error assigned is that a motion to quash a *fi. fa.* will not lie unless it is alive.

This is manifestly not so for if it were then the execution debtor might never have the opportunity to make the motion,

since the execution creditor might, as soon as the *fi. fa.* was issued, exercise his undoubted right and direct the sheriff to return it, without knowledge on the part of the execution debtor that it had been issued.

We are of opinion that the circuit court did not err in quashing the *fi. fa.*, and its judgment must be affirmed.

*Affirmed.*