8480

STATE v. SEIGLER.

1. Juror.—Appellant has failed to satisfy this Court that the ruling of the trial Judge in excusing a juror was prejudicial, in view of the fact that he was present and saw the manner of the juror and heard his testimony.

2. Evidence—Ordinances.—Admitting in evidence a city ordinance was harmless in this case as there was other competent evidence that deceased was a policeman. Can a city pass a single ordinance embracing all crimes and subjects?

3. Provocation.—An instruction that a legal provocation is such as will arouse in an ordinary man an intense heat and passion in him against the one giving the provocation is not error.

4. Murder.—Where a defendant is only convicted of manslaughter, an instruction that he must be without fault in bringing on the difficulty to reduce the killing from murder to manslaughter, was harmless, if error.

5. Arrest—Policeman.—The instruction complained of as to right of policeman to arrest for violation of city ordinance is not error when construed with other portions of the charge on the same subject.

Before Rice, J., Aiken, June term, 1912. Affirmed.

Indictment against James G. Seigler.    Defendant appeals on following exceptions:

1. "The presiding Judge erred in standing aside juror, J. M. Rosier, after he had been examined on his *voir dire,* for the reason that the said examination did not show that the said juror was not a fair, competent, and impartial juror, and it was, therefore, an abuse of discretion on the part of the presiding Judge to stand him aside, and was prejudicial and harmful to the rights of the defendant.

2. "The presiding Judge erred in admitting in evidence, over defendant's objections, the ordinance purporting to be the Code of laws of the city of Aiken, for the reason that the said ordinance or Code of laws was null and void on its face, as the city council of the city of Aiken had no authority under its charter or under the Constitution of this State, or under the general municipal laws of South Carolina, to pass a single ordinance embodying all offenses made unlawful and prohibited by it and covering all the subjects, rules, resolutions and ordinances, regulating the various departments of its city government, and as the said ordinance appears on its face to be null and void, it was error and harmful to the defendant to admit the same in evidence.

3. "The presiding Judge erred in charging the jury on the subject of what provocation would reduce a killing from murder to manslaughter as follows: 'Now, Mr. Foreman and gentlemen of the jury, what is a legal provocation * * * it must be of such nature, Mr. Foreman and gentlemen, that it will arouse in an ordinary man an intense degree of heat and passion in his mind against the party who commits the deed.' For the reason that the said charge instructed the jury that it would take a higher degree of heat and passion, to wit: 'An intense degree,' to reduce a killing from murder to manslaughter than required by the law, as it is respectfully submitted, the law only requires that the heat and passion shall only be of such a degree as to dethrone reason and render the defendant incapable of cool and deliberate

reflection, and, therefore, the defendant was prejudiced by the said charge.

4. "The presiding Judge erred in charging the jury on the subject of manslaughter as follows: 'Now, Mr. Foreman and gentlemen of the jury, in manslaughter, as I have told you, done in sudden heat and passion, in order for the killing to be reduced from murder to manslaughter, in addition to what I have already charged, I charge you this: that a man must be without fault in bringing about the difficulty. A man cannot go and pick a row or fuss with another man and cause him to insult him in the manner in which I have described, then suddenly fly into a rage and passion and kill him and claim that it was only manslaughter. He must be without fault in bringing about the killing.' The error being that the presiding Judge confused the law of manslaughter with the law of self-defense, and it is respectfully submitted that under the law, a man may even provoke a difficulty and killed his adversary and still the killing may be manslaughter, and the said charge was, therefore, misleading to the jury and harmful and prejudicial to the defendant.

5. "The presiding Judge erred in refusing to charge as a whole defendant's tenth request, and in his modifications of the same, for the reason that said request contained sound propositions of law which the defendant was entitled to have charged to the jury as submitted, and it was harmful and prejudicial to the rights of the defendant not to charge it as submitted.

"Especially was it harmful to refuse to charge that part of said request which stated: 'And this is the case even where the man who does the killing is in fault in bringing about the difficulty.' As it is respectfully submitted that under the law, even where the accused was at fault in bringing on the difficulty, he may be guilty of manslaughter and not murder, and it was prejudicial error not to so charge as requested.

"It was also especially harmful for the presiding Judge to refuse to charge that portion of said tenth request which stated: 'And legal provocation is anything calculated to throw into a passion a man of ordinary firmness, and I charge you that an illegal arrest would be a sufficient legal provocation to reduce the killing from murder to manslaughter.' The error being that said portion of the request contained a sound proposition of law which defendant was entitled to have charged to the jury and it was harmful and prejudicial to the rights of defendant not to charge the same as requested.

6. "The presiding Judge erred while commenting on defendant's tenth request in charging the jury as follows: 'If an officer of the law, with his uniform on, his badge which indicates to every one that he is an officer of the law, in what he supposes is the discharge of his duty, attempts to arrest, Mr. Foreman and gentlemen of the jury, an arrest on account of what he supposes is a violation of a city ordinance, and he uses no more force than is necessary, then if he uses no more force than is necessary to make the arrest, if that force is not such an amount of force as would cause a man of ordinary firmness to fly into a passion, then, Mr. Foreman and gentlemen of the jury, the party whom he is arresting would not be justified in shooting him down. To make it plainer, I will illustrate to you—suppose an officer of the law goes up to a man and says: "I arrest you for a violation of the ordinances of the city," and the man submits quietly to arrest, he is not angry or provoked, but says you have no right to arrest me, cool, calm and collected at the time, then if in that condition he draws a pistol and shoots the man down, Mr. Foreman and gentlemen, I charge you that that would be murder.' The error being that said charge instructed the jury in effect that a person would have no right to resist an officer when making an illegal arrest, under what he merely supposed to be a violation of a city ordinance; whereas, under the Constitution and laws of this

State, no person shall be deprived of his liberty except by due process of law, and a person has the right to resist such illegal arrest even to the taking of the life of the officer, if that be necessary to prevent such arrest. Said charge was harmful and prejudicial to the rights of the defendant."

. *Messrs. J. B. Salley, Thurmond & Nicholson, John F. Williams* and *James E. Davis,* for appellant, cite: *Error to stand aside juror:* 36 S. C. 484; 34 S. C. 52, 33; 20 S. C. 450; 54 S. C. 150; 16 S. C. 459; 69 S. C. 298; 65 S. C. 322, 244. . *Omnibus ordinance is invalid:* 28 Cyc. 354. *What is sufficient legal provocation:* 50 S. C. 423; 2 Bish. Cr. L., sec. 697. *As to bringing on the difficulty:* 47 S. C. 22; 21 Cyc. 749. *Illegal arrest is a legal provocation:* 21 Cyc. 753; 53 S. C. 153.

*Messrs. Solicitor R. L. Gunter, George Bell Timmerman* and *T. G. Croft,* contra. *Solicitor Gunter* cites: *The Court is to say if juror must stand aside:* 65 S. C. 244; 72 S. C. 104. *Constitutional requirements as to passing laws does not apply to city ordinances:* 60 S. C. 500; 75 S. C. 568. *What is legal provocation:* Clark's Cr. L. 165; 49 S. C. 289; 50 S. C. 422; Desty's Cr. L., sec. 128; 2 Bish. Cr. L. 386; 9 Ency. 579; 10 Rich. 347; 55 S. C. 35; 59 S. C. 298. *Bringing on the difficulty:* Clark's Cr. L. 166-7; 21 Ency. 175; 47 S. C. 22; 54 S. C. 147; 56 S. C. 576; 73 S. C. 340; 80 S. C. 106.

March 21, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. The defendant was indicted for the murder of Wade Patterson, and convicted of manslaughter, and, this is an appeal from the sentence imposed upon him by the Court.

The exceptions will be incorporated in the report of the case, and will be considered in regular order.

First Exception. The record shows that the following took place during the examination of the juror: "J. M. Rosier, juror, sworn on *voir dire*.   Examined by the Court:

"Are you related by blood or marriage to James G. Seigler, the defendant in this case, or Wade Patterson, the deceased?   Neither one.   Have you formed or expressed any opinion as to the guilt or innocence of the defendant?   Yes, sir.   Do you mean to say that you have formed an opinion?   Yes, sir; that is what I mean. That is, substantially; don't mean to say according to law and evidence, hearsay.   You have formed an opinion? Yes, sir.   Would that effect your verdict, as juryman, after you hear all of the evidence in this case and the law, as I would give it to you?   Not a particle; not according to evidence. Can you give the State and the prisoner a fair and impartial trial?   Yes, sir."

By the Solicitor:

"Is your opinion that you have formed such that it would take testimony to remove it; to change it?   No, sir.   It would not take any testimony to change it?   It is only circumstantial.   Is that opinion such that it would take testimony to remove it?   Yes, sir; it would."

By Mr. Davis:

"Has any one talked to you in regard to the case?   A lot has been said; nobody specially has been talking to me that was interested in the case.   I have heard a lot of talk.   You mean you have formed an opinion by having heard so much talk and seen so much in the newspapers, but you are willing to go by the evidence on the stand?   Yes, sir.   And you will disregard everything that has been said to you heretofore?   That would not have anything to do with me.   Do you believe in capital punishment?   To a certain extent; where a man is proved guilty by witnesses I believe he is entitled to be punished, and if not, I believe he should be turned loose.   Are you in favor of hanging any man for a crime?   Yes, sir, if he does it in cold blood."

Mr. Timmerman: "I think, in the interest of a fair and impartial trial, that it is necessary to have a juror that is free from bias, prejudice or anything that would tend to influence his mind when he goes into the jury room, except the testimony from the witness stand.

The Court: "I don't think this juror is competent.

Mr. Davis: "We think we had better except to your Honor's ruling as to Mr. Rosier, so that we may have the benefit of it.

The Court: "All right, Mr. Stenographer, note the exception."

The burden is upon the appellant to show, that the ruling of his Honor, the presiding Judge, that Rosier was not a competent juror, is not sustained by the testimony.

The presiding Judge occupied a more advantageous position that this Court, in ruling upon the competency of the juror, for the reason that he had the opportunity of seeing the juror, and of observing the manner in which he testified. In view of this fact, and the apparent contradictions in the testimony of the witness, the appellant's attorneys have failed to satisfy this Court, that the ruling of the presiding Judge was erroneous.

Second Exception. There was other testimony introduced without objection, showing that Patterson was a policeman, at the time of the homicide. The defendant testified, that he knew Patterson was a policeman, and that he had been on the force for years. And T. R. Morgan, a witness for the State, testified that Patterson had been on the police force, something over twenty years—thus rendering unnecessary further testimony showing that Patterson was a policeman. Therefore, even if there was error, it was not prejudicial. But apart from this fact, the exception is without merit, and does not require further consideration.

Third Exception. In the first place, as the defendant was not convicted of murder, but only of manslaughter, the

charge was not prejudicial to his rights. But in the second place, the case of the *State* v. *Davis,* 50 S. C. 405, 27 S. E. 905, shows that even if the appellant had been convicted of murder, the exception could not be sustained.

Fourth Exception. Conceding that there was error, on the part of the Circuit Judge, in charging that "a man must be without fault, in bringing about a difficulty," nevertheless, as the defendant was only convicted of manslaughter, the error was harmless. *State* v. *Richardson,* 47 S. C. 166, 25 S. E. 220; 35 L. R. A. 238.

Fifth Exception. In so far as the exception assigns error, in the refusal to charge: "And this is the case even where the man who does the killing is in fault in bringing about the difficulty," it can not be sustained, for the reason that the defendant was not convicted of murder but of manslaughter. Those words were inserted in the request, for the purpose of showing that under the circumstances therein mentioned, the defendant would only be guilty of manslaughter, and not of murder.

As, however, he was not convicted of murder but of manslaughter, there was no prejudicial error, even conceding that the refusal to charge was erroneous.

For the same reason, the other assignment of error stated in the exception must be overruled.

Sixth Exception. When that portion of the charge embodied in the exception, is considered in connection with the entire charge, it will be found to be free from error, especially when considered in connection with the charge: "That if you find that the deceased arrested the defendant for violating a city ordinance when none has been violated, such arrest would be illegal, and that if the defendant killed the deceased in self-defense, then the killing would be neither murder nor manslaughter, and it would be your duty to find a verdict of not guilty."

Judgment affirmed.