Staunton.

JOHNSTON V. PEARSON.

September 20, 1917.

1. PARTIES TO ACTION—*Executors and Administrators.*—As the per-
    sonal property of the decedent is the primary fund for the
    payment of his debts, his personal representative is a neces-
    sary party to a suit by which such fund is affected.  He is a
    proper party to a suit by a judgment creditor to subject his
    debtor's lands to the lien of his judgment; but where the
    pleadings admit that the debtor died without personal assets
    and no relief is sought against his personal representative and
    no accounting by him is asked, he is not a necessary party.

2. APPEAL AND ERROR—*Harmless Error—Dismissal, Discontinuance
    and Nonsuit.*—A bill was filed by a judgment creditor against
    the administrator and heirs of the deceased debtor, to subject
    her land to the lien of the judgment.  The bill alleged that the
    debtor owned no personal property at the time of her death,
    out of which the judgment could be collected.  The adminis-
    trator and one of the heirs filed separate pleas of the statute
    of limitations.  At the hearing the complainant asked leave to
    dismiss his suit as to his administrator, which motion the
    administrator resisted.  The court, however, permitted the
    dismissal.

    *Held:* That the administrator was a proper party and the suit
    should not have been dismissed as to him.  But the error in
    permitting complainant to dismiss as to the personal repre-
    sentative of the debtor was harmless, as the heir was per-
    mitted to, and did, make the same defense set up by the admin-
    istrator.

3. PROCESS—*When Returnable.*—Section 3220 of the Code of 1902
    provides that process, whether original, mesne or final, shall
    be returnable within ninety days after its date, and that pro-
    cess shall be issued before the rule day to which it is return-
    able, but may be executed on or before that date.  All three
    kinds of process are embraced in the same class and put upon
    exactly the same footing, and, it having been determined that

original and mesne process returnable more than ninety days. after its date is void, final process, or process of execution,. must share the same fate.

4. EXECUTIONS—*Returnable After Ninety Days—Void or Voidable.*—In a suit to subject the land of a deceased debtor to a judgment lien, one of the heirs filed a plea of the statute of limitations,. setting forth that only one execution had issued on the complainant's judgment within ten years from its date, and that the execution so issued was returnable more ·than ninety days: from its date, and hence was void.

*Held:* That an execution returnable more than ninety days from its date was not merely voidable, so that its invalidity could not be set up in a suit to enforce the judgment, but was void; and that fact might be shown by anybody, anywhere and at any time.

5. MAY—*Shall—Statutes—Mandatory or Permissive.*—As used in section 3577, Code of 1904, providing that on a judgment execution may issue within a year, *may* is permissive, whereas *shall* as used in section 3220 of the Code, providing that process shall be returnable within ninety days after its date, was mandatory.

6. PROCESS—*Waiver.*—The doctrine of waiver has no application to a void process.

Appeal from a decree of the Circuit Court of Giles county. Decree for complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*W. B. Snidow,* for the appellant.

*Williams & Farrier* and *Jackson & Henson,* for the appellee.

BURKS, J., delivered the opinion of the court.

This is a bill filed by a judgment creditor against the administrator and heirs of the debtor, who had died, to sub-

ject her land to the lien of the judgment. The bill alleged that the debtor owned no personal estate at the time of her death, out of which the plaintiff's judgment could be collected. No answer was filed by either of the defendants, but the administrator and one of the heirs filed separate pleas of the statute of limitations, setting forth that only one execution had issued on the complainant's judgment within ten years from its date, and that the execution so issued was returnable more than ninety days from its date, and hence was void. Special replications were filed to each of said pleas, but they denied no facts stated in the pleas, and at best amounted to no more than demurrers. At the hearing the complainant asked leave to dismiss his suit as to the administrator, which motion the administrator resisted. The court, however, permitted the dismissal, and, proceeding to hear the case on its merits, decided that the execution, though returnable more than ninety days after its date, was not void but voidable only, and, not having been avoided, the judgment constituted a lien on the defendant's land. From that decree this appeal was taken.

Two errors are assigned by the appellant:

1. That the trial court erred in permitting the appellee to dismiss his suit as to the administrator of the judgment debtor.

As the personal property of the decedent is the primary fund for the payment of his debts, his personal representative is a necessary party to any suit by which such fund is to be affected. He was a *proper* party to this suit and it should not have been dismissed as to him, but (notwithstanding what is said in *Beall* v. *Taylor*, 2 Gratt. [43 Va.] 535, 44 Am. Dec. 398) where the pleadings admit that the debtor died without personal assets and no relief is sought against his personal representatives and no accounting by him is asked, he was not a *necessary* party. But the error in permitting the plaintiff to dismiss as to the personal rep-

resentative of the debtor was harmless, as the heir was permitted to, and did, make the same defense set up by the administrator.

2. The second error assigned is the ruling of the trial court, that an execution returnable more than ninety days from its date is a merely voidable process and not void.

If the execution be merely voidable, it is valid until avoided, and its invalidity cannot be set up in a suit to enforce the judgment, as this would be a collateral attack upon the judgment, which is not permissible (*Fulkerson* v. *Taylor,* 102 Va. 314, 46 S. E. 309), but if it be void, it is a nullity, and that fact may be shown by anybody, anywhere and at any time.

If the question were *res integra,* we might find difficulty in holding the execution in this case to be a void process in the sense of an absolute nullity, but we cannot hold it to be merely voidable without overruling a number of prior decisions of this court and endangering vested rights.

Section 3220 of the Code provides that process, whether original, mesne or final, *shall be returnable* within ninety days after its date, and that process *shall be issued before the rule day to which it is returnable,* but may be executed on or before that date.

In *Noell* v. *Noell,* 93 Va. 433, 25 S. E. 242, the summons to commence the suit was made returnable on the date of its issue, and it was held that the provision of the statute was mandatory, and that the return and all records based thereon and proceedings had were *void.*

In *Lavell* v. *McCurdy,* 77 Va. 763, a *scire facias* dated April 11, 1871, was made returnable to the next term of court, which was held September 8, 1871, more than five months after the date and service of the writ, and it was held that the *scire facias* and the judgment rendered thereon were void and not voidable.

In *Lowenbach* v. *Kelley*, 111 Va. 439, 69 S. E. 352, a *scire facias* was made returnable more than ninety days after its date, and for that reason was held to be a void process.

In *Kyles* v. *Ford*, 2 Rand. (23 Va.) 1, it is said: "The act of 1819, before cited, directs that all process shall be returnable either to the first day of the next court, or to some previous rule day. The process in this case was not returnable either to the court or to a previous rule day; the rule day to which it was returnable and the first day of the court being the same. The consequence is, that the *scire facias* was merely void. Process made returnable to a day which is not a legal return day is void."

In *Coda* v. *Thompson*, 39 W. Va. 67, 19 S. E. 548, the prior Virginia cases on the subject of process returnable to a day other than that provided by statute were cited with approval, and it was held that a summons in garnishment which was returnable to a day other than that provided by statute was not simply irregular but void. To the same effect see 20 Enc. Pl. & Pr. 1159, and cases.

It is true that in a number of States a different construction is put upon original and mesne process from that placed upon final process (Freeman on Ex. [3d. ed.], sec. 44, and cases; 17 Cyc. 1022), but our statute declares that process, whether original, mesne or final, *shall be* returnable within ninety days after its date. All three kinds of process are embraced in the same class and put upon exactly the same footing, and it having been determined that original and mesne process returnable more than ninety days after its date is *void*, final process, or process of execution, must share the same fate.

Counsel for the appellee relies upon the case of *Beale* v. *Botetourt Justices*, 10 Gratt. (51 Va.) 281, to sustain his contention that *final* process which does not conform to the statutory requirement is not void but voidable only. In that case execution was issued on a judgment more than

twelve months after the date of the judgment, and it was held that the execution was voidable only; but the statute under which it was issued was merely permissive; the statute (Code, section 3577) providing that "on a judgment execution may issue within a year," whereas the statute in the instant case declares that process *shall* be returnable within ninety days after its date.

Counsel for appellee also relies upon Freeman on Executions (3d ed.), sec. 44, and cases cited. The section relied on is, in part, as follows:

"*Designating the return day.* The period within which the execution is to be returned differs in the different States, being regulated by local statutes. At common law, the time for the return was designated in the writ, and this practice still obtains in most, but not in all, of the States. It has sometimes been held that an error in the return day, or, in other words, the designation in the writ of a return day at a time different from that designated by law, was fatal, but this view is entirely without the support of reason, and is now opposed by a decisive majority of the reported adjudications upon this subject. In fact, there is no mere matter of form from which a departure could be of less detriment to the parties. The provision for a return day is beneficial mainly, if not solely, to the plaintiff, because it fixes a time when he may expect to obtain the fruits of his judgment, by compelling the sheriff to have the writ satisfied, if satisfaction can be had. The defendant has no interest in the return day, for the writ, as soon as sued out, may and ought to be levied, whether it be returnable in ten days or in six months. And whether the time for the return day be material to defendant or immaterial, he ought not to be precluded from waiving his rights; and if he does waive them, either in express terms or by silent acquiescence, the waiver ought to be irrevocable."

In addition to what has already been said on the subject, it may be added that the defendant is vitally interested in the return day of an execution under the Virginia statute, because the life of the judgment is dependent upon the return day of the execution, and if the plaintiff in the execution may extend the return day beyond the limit prescribed by the statute for a single day, he may extend it for a year, or for any other time, and thereby prolong the life of the judgment beyond the period prescribed by statute.

Section 3577 of the Code provides as follows: "On a judgment, execution may be issued within a year, and a *scire facias* or an action may be brought within ten years after the date of the judgment; and where execution issues within the year, other executions may be issued or a *scire facias* or an action may be brought within ten years from the return day of an execution on which there is no return by an officer, or within twenty years from the return day of an execution on which there is such return; * * *"

It manifestly was never the intention of the legislature to put it in the power of the plaintiff to extend the life of a judgment beyond the time prescribed by law. The return day of the execution, therefore, may be a matter of vital interest to the defendant.

With reference to what is said by Mr. Freeman on the subject of waiver, it is sufficient to say that the doctrine of waiver has no application to a *void* process.

For these reasons, the decree of the Circuit Court of Giles county must be reversed and the bill of complainant dismissed, with costs to the appellant in this court and in the court below.

*Reversed.*