DIANE BARBUTO, ET AL.

V.

SOUTHERN BANK

Record No. 821408

March 7, 1986

Present: All the Justices

Kenneth V. Farino (Farino and Rick, on brief), for appellants.
Carl F. Bowmer (Mary T. Metil; Christian, Barton, Epps, Brent & Chappell, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this creditors rights case, we deal with execution, levy, and the procedure for trying title to property seized as the result of a levy.

On September 9, 1980, appellee Southern Bank obtained a judgment by default in the court below against Angelo J. Peters and Diamond Peters for $24,211.95, plus attorneys' fees of $6,052.99, interest, and costs. The sums represented amounts due on a 1974 promissory note made by the Peterses in favor of the bank. On August 17, 1981, the clerk of court issued execution on the judgment. The writ of fieri facias was forwarded to the Sheriff of Henrico County. Upon direction of counsel for the judgment

creditor, a deputy sheriff levied on the contents of a Southern Bank safe deposit box at a branch in Henrico County.

According to a December 1980 written contract for rental of the box, number 305, the lessees were appellants Diane P. Barbuto and Linda P. Fleming, daughters of Angelo J. Peters, the judgment debtor. The contract also provided, however, that Peters was to have "access" to the box. Subsequently, bank employees noticed that Peters frequently entered the box and they believed he was secreting valuable items of personal property that he owned in order to avoid the claims of creditors.

The levy was made August 18 by a deputy sheriff in the presence of bank officers and the bank's attorney. A locksmith "drilled" the box open. The contents, including items of gold and silver, were inventoried and returned to the box. A new lock was installed and the box was returned to the bank's vault. The keys to the new lock have been in the custody of the sheriff since that time.

In September 1981, Barbuto and Fleming, by counsel, instituted the present proceeding. In a pleading captioned "Southern Bank v. Peters," Barbuto and Fleming, as "Petitioners," filed a "Motion to Quash Levy and All Subsequent Attachments on Safe Deposit Box 305." They asserted that, because they were the lessees of the box, the sheriff committed a trespass upon the box at the direction of bank officials. The petitioners asked the court "to quash the levy and subsequent attachments as to safe deposit box #305 and all contents that were seized." The bank filed an "answer" and asserted that the box was leased for the joint use of Peters and his daughters, that it had been used by Peters only, that it "had good reason to believe" Peters had property within the box, and that, when the box was opened, "substantially all" the contents belonged to the judgment debtors and not the daughters.

An October 1981 evidentiary hearing was held on the motion to quash. Barbuto testified that she and Fleming owned the property within the box. After memoranda had been filed by counsel, the trial court denied the motion, stating only that "the version of the law as set out in the brief by [the bank's attorney] is correct." A May 1982 order, drafted by the trial judge and from which this appeal was awarded Barbuto and Fleming, provided simply that "petitioners' Motion to Quash Levy and All Subsequent Attach-

ments is denied" and that the "said motion is hereby dismissed for the reasons set forth in the court's letter opinion."

On appeal, Barbuto and Fleming (hereinafter, petitioners) contend the trial court erred in denying their motion to quash. They say that the levy "was not done in accordance with law," that the levy "was improper because the officer trespassed into Box 305," and that certain sections of the Code of Virginia as applied to this case are unconstitutional. The constitutional issue was not raised below and we will address it no further. The Court will not consider a constitutional argument made for the first time on appeal. Rule 5:25 (formerly Rule 5:21); *Girardi* v. *Commonwealth*, 221 Va. 459, 465-66, 270 S.E.2d 743, 747 (1980), *cert. denied*, 451 U.S. 913 (1981).

The bank argues, as it did in the trial court, that the petitioners employed the wrong remedy. It says that the statutorily authorized motion to quash may not be used by strangers to the underlying judgment to establish either that they had a right to the property subjected to the levy or that a trespass had occurred. The bank contends that another statute provides for trial of claims by "third parties" and the petitioners should have employed that procedure. In addition, the bank contends that the levy was proper and was performed according to law.

At this point, an analysis should be made of the statutes dealing with execution and levy that are pertinent to this controversy. Among the various forms of execution, the writ of fieri facias is the "ordinary judicial process for enforcing the collection of a money judgment by the sale of the property" of the judgment debtor. *Burks Pleading and Practice* at 676 (4th ed. 1952). Code § 8.01-466 requires the clerk of court in which the judgment was rendered, upon request of the judgment creditor, to issue a writ of fi. fa. and place it in the hands of the proper officer to be executed. By a writ of fi. fa., the officer is commanded "to make the money therein mentioned out of the goods and chattels of the person against whom the judgment is." Code § 8.01-474.[1]

---

[1] The petitioners erroneously have argued that Code § 8.01-470 governed issuance of the execution in this case. That statute provides: "On a judgment for the recovery of specific property, real or personal, a writ of possession may issue for the specific property. . . ." There has been no judgment here for specific property, such as in the case of unlawful entry and detainer or of ejectment. Consequently, § 8.01-470 does not apply.

■ Code § 8.01-365 mandates how third parties, strangers to the underlying judgment, shall proceed to litigate claims to property subjected to a levy. As pertinent here, the statute provides:

"When a writ of fieri facias issued from a circuit court, . . . is levied on property, . . . and when some *other person than the one against whom the process issued claims the property*, . . . or some part or the proceeds thereof, then either (i) *the claimant*, if such suspending bond as is hereinafter mentioned has been given, (ii) the officer having such process, if no indemnifying bond has been given, or (iii) the party who had the process issued, *may apply to try the claim,* by motion to the adverse party, *to the circuit court of the county* or city *wherein the property*, money, or other personal estate *is located*." (Emphasis added.)

Section 8.01-365, restricted to circuit courts, conforms closely to Code § 16.1-119, which governs proceedings in the general district courts by strangers to the underlying judgment who wish to try a claim to property levied on.

Code § 8.01-477 deals with motions to quash, the procedure employed by the petitioners in the present case. That statute provides:

"A motion to quash an execution may, after reasonable notice to the adverse party, be heard and decided by the court which issued the execution. Such court, on the application of the plaintiff in the motion, may make an order staying the proceedings on the execution until the motion be heard and determined, the order not to be effectual until bond be given in such penalty and with such condition, and either with or without surety, as the court may prescribe. The clerk from whose office the execution issued, shall take the bond and make as many copies of the order as may be necessary and endorse thereon that the bond required has been given; and a copy shall be served on the plaintiff in the execution and on the officer in whose hands the execution is placed."

■ A motion to quash under § 8.01-477 may not be used by strangers to the underlying judgment as a substitute for the statutory method prescribed in § 8.01-365 or in lieu of a common law action of trespass. The application of § 8.01-477 is limited to at-

tacks on the regularity and validity of a writ of fi. fa. *Burks* at 713. The remedy by motion to quash, a proceeding directly challenging the fi. fa., is proper, for example, when the fi. fa. does not follow the judgment; when execution is issued contrary to the agreement of debtor and creditor that execution will not issue on the judgment, *Hagan v. Dungannon Lumber Co.*, 145 Va. 568, 134 S.E. 570 (1926); when the judgment is subject to payments that have not been credited, *Baer v. Ingram*, 99 Va. 200, 37 S.E. 905 (1901); when the fi. fa. has been issued negligently or fraudulently, *Snavely v. Harkrader*, 71 Va. (30 Gratt.) 487 (1878); or when the underlying judgment is void, *Broyhill v. Dawson*, 168 Va. 321, 191 S.E. 779 (1937). *Burks* at 714. *See Seal v. Puckett*, 159 Va. 297, 165 S.E. 496 (1932); *Lowenbach v. Kelley*, 111 Va. 439, 69 S.E. 352 (1910); *Sutton v. Marye*, 81 Va. 329 (1886); *Enders v. Burch*, 56 Va. (15 Gratt.) 64 (1859).

■ In the present case, the petitioners do not attack the underlying judgment. They do not challenge the regularity or validity of the fi. fa. Indeed, they have no grounds for such a challenge. The clerk regularly issued a valid writ of fi. fa. against the judgment debtors and, in the language of § 8.01-474, *supra*, commanded that, "of the goods and chattels" of the judgment debtors, the sheriff cause to be made the sum of the judgment. Moreover, petitioners did not allege that an agreement had been violated, did not claim payments had not been credited, and did not allege fraud or negligence in the issuance of the execution. Instead, the petitioners sought to prosecute a common law action of trespass and simultaneously claimed ownership of the property seized in the levy. This was an improper use of the statutory motion to quash, and the trial judge implicitly so ruled when he said "the version of the law" as set forth by the bank was correct.

■ The petitioners' remedy was under § 8.01-365, a statute specifically providing strangers to the underlying judgment a swift, direct, and summary method to determine conflicting ownership of property seized in a levy. Under such procedure, trial by jury is available. See *Sauls v. Thomas Andrews & Co.*, 163 Va. 407, 175 S.E. 760 (1934). *See also Kiser v. Hensley*, 123 Va. 536, 96 S.E. 777 (1918).

■ Furthermore, a third party in the position of these petitioners who claims ownership of property that has been levied on, or is about to be levied on, has an orderly remedy under Code §§ 8.01-367 and -370 not only to stop the sale after levy but to prevent the

levy from being made in the first place. This is accomplished by giving a suspending bond and by proceeding within 30 days to have title to the property settled.[2] Alternatively, the petitioners had the option to file an action for common law trespass in a separate proceeding.

For these reasons, we hold that the trial court acted correctly in denying the motion to quash. The order appealed from will be affirmed without prejudice to the rights of the parties to seek to litigate, in a proper forum, questions dealing with ownership of

---

[2] As pertinent here, § 8.01-367 provides:

"*If any officer levies or is required to levy a fieri facias*, an attachment, or a warrant of distress *on property*, and the officer doubts whether such property is liable to such levy, he may give the plaintiff, his agent or attorney-at-law, notice that an indemnifying bond is required in the case; bond may thereupon be given by any person, with good security, payable to the officer in a penalty equal to the value of the property in the case of a fieri facias or a warrant of distress on property and equal to double the value of the property in case of an attachment, with condition to indemnify him against all damage which he may sustain in consequence of the seizure or sale of such property and to pay to any claimant of such property all damage which he may sustain in consequence of such seizure or sale, and also to warrant and defend to any purchaser of the property such estate or interest therein as is sold.

"Provided, however, that *when the property claimed to be liable by virtue of the process aforesaid is in the possession of any of the parties against whom such process was issued but is claimed by any other person or is claimed to belong to any other person*, the officer having such process in his hands to be executed shall proceed to execute the same notwithstanding such claim *unless the claimant of the property* or someone for him *shall give a suspending bond as provided by § 8.01-370 and shall within thirty days after such bond is given proceed to have the title to the property settled* in accordance with the provisions of this chapter. . . ." (Emphasis added.)

Section 8.01-370 provides, in pertinent part:

"*The sale of any property levied on under a fieri facias* or distress warrant *shall be suspended at the instance of any claimant thereof who will deliver to the officer a suspending bond*, with good security, in a penalty equal to double the value thereof, payable to such officer, with condition to pay to all persons who may be injured by suspending the sale thereof, until the claim thereto is adjudicated or otherwise adjusted, such damage as they may sustain by such suspension. *If the property claimed to be liable by virtue of such process is in the possession of any of the parties against whom such process was issued, but is claimed by any other person, or is claimed to belong to any other person, the officer having such process in his hands to be executed shall*, whether an indemnifying bond has been given or not, after notice to the claimant, or his agent, *proceed to execute the same* notwithstanding such claim, *unless the claimant of such property or someone for him shall give the suspending bond aforesaid, and shall within thirty days after such bond is given proceed to have the title to such property settled in accordance with the provisions of this chapter. . . ."* (Emphasis added.)

See also § 8.01-371 dealing with forthcoming bonds.

the contents of the safe deposit box and questions of alleged trespass.

*Affirmed.*