**In re Tajammul BHATTI, Debtor.**

**R.E. WICK, Trustee, Plaintiff,**

**v.**

**I.R.S., et al., Defendants.**

**Bankruptcy No. 7–90–00898–BKC–HPA. Adv. No. 7–90–00153.**

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

April 23, 1991.

therefore the finality provision of § 11–10–8 may not apply to this proceeding.

Robert E. Wick, Bristol, Va., plaintiff/trustee.

John M. Lamie, Browning, Morefield, Lamie & Sharp, Abingdon, Va., for defendant/First Nat. Bank.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Chief Judge.

At issue before the court is the trustee's motion to sell a 1969 Jaguar XKE Roadster free and clear of all liens. The First National Bank of Sioux Falls ("Bank") objects and alleges it has a secured lien on the vehicle.

The facts are not disputed and the parties have filed stipulations. The facts before the court are based on these stipulations. On January 17, 1990 the Bank obtained a default judgment against the debtor in the amount of $101,854.41 in the State of South Dakota. The judgment was docketed in the Circuit Court of Smyth County apparently on January 24, 1990. Notice of the docketing of the foreign judgment was given to the debtor by mail. On January 25, 1990, one day later, the Sheriff of Smyth County levied upon the Jaguar. On May 10, 1990 the debtor filed his Chapter 7 petition.

The Trustee contends that the Bank's alleged lien is defective and is not secured on the vehicle because the writ of fieri facias was issued on January 25, 1990, only eight days after the judgment was rendered and one day after docketing in Virginia. Such an issuance was in violation of Virginia Code § 8.01–466. Virginia Code § 8.01–466 states:

> On a judgment for money, it shall be the duty of the clerk of the court in which such judgment was rendered, upon the request of the judgment creditor, his assignee or his attorney, to issue a writ of fieri facias at the expiration of twenty-one days from the date of the entry of the judgment and place the same in the hands of the proper officer of such court to be executed and take his receipt therefore. The writ shall be issued together with the form for requesting a hearing on a claim of exemption from levy as provided in § 8.01–546.1. *For good cause the court may order an execution to issue on judgments and decrees at an earlier period.* (emphasis added).

Here, there is no order of the court permitting the issuance of the writ of fieri facias before the expiration of twenty-one days. The Bank's position is that this Code section does not prohibit the issuance of a writ of fieri facias before the expiration of twenty-one days from the date of entry of the judgment. Therefore, the Bank contends the writ of fieri facias issued on January 25, 1990 and executed on the same date is valid. In further support of its

position, the Bank refers to § 8.01–477 which provides a procedure under which an execution can be quashed. The Bank contends that since this section gives many protections to the judgment creditor, it was not the intent of the Virginia Legislature to cut off judgment creditors. Therefore, according to the Bank, even if the writ was improperly executed, the judgment creditor has a valid lien on the property and is a secured creditor.

Usually an execution can only issue on a final judgment. 8A Michie's Jurisprudence of Virginia and West Virginia *Executions* § 9. At common law, judgments did not become final until the end of the term, and the court had no power to direct an execution upon them during the term. 11A Michie's Jurisprudence of Virginia and West Virginia *Judgments and Decrees* § 7. This common law rule has been changed in Virginia. Rule 1:1, Sup.Ct. (Va.) states:

> All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.... The date of entry of any final judgment, order, or decree shall be the date the judgment, order or decree is signed by the judge. Rule 1:1, Sup.Ct. (Va.).

■ Therefore, a judgment is not final for purposes of execution until the expiration of the twenty-one day period. A proper execution on a judgment cannot be effected in Virginia until the expiration of the twenty-one day period during which the matter remains in the control of the trial court, unless the court *for cause* orders an execution to be issued on an earlier date. *See* Va.Code § 8.01–466 (1950 as amended). In this case no order allowing the execution to be issued on an earlier date was obtained by the Bank. Therefore, the execution on January 25, 1990 was improper. The lien is therefore a nullity and the trustee is directed to sell the property free and clear of all liens. A reading of applicable statutes and rules makes it clear that an execution is not to be issued within the twenty-one days

unless "for cause" is shown to the court, it might direct the earlier issuance. The plain language of the statute § 8.01–466 places this procedure clearly under the jurisdiction of the court.

Without the order of the court, after cause is shown, this execution is void. *See Johnston v. Pearson,* 121 Va. 453, 93 S.E. 640, 642 (1917) (execution void when returnable more that ninety days from its date). In *Johnston* the court relied, at least in part, on the fact that the statute declared that "the process *shall* be returnable within 90 days after its date." *Id.* (emphasis added). If the statute had been permissive rather than mandatory, the execution would have been voidable rather than void. *See Id.* Virginia Code § 8.01–466 states, "it *shall* be the duty of the clerk ... to issue a writ of fieri facias at the expiration of twenty-one days from the date of entry of the judgment." (emphasis added). Therefore, this execution is void.

■ If an execution is voidable, it is valid until avoided, and its invalidity cannot be set up in a suit to enforce the judgment; but if it is void, it is a nullity, and that fact, may be shown by anybody, any where and at any time. *Id.,* 93 S.E. at 641.

Accordingly, an order will enter.