## CIRCUIT COURT OF FAIRFAX COUNTY

Nancy Wells

v.

Rex Wells

Case No. (Chancery) 126972

BY JUDGE ROSEMARIE ANNUNZIATA

February 25, 1994

On January 5, 1994, the plaintiff, Nancy Wells, filed a levy request directing the Sheriff of Fairfax County to levy against the personal property of Rex Wells, the defendant, in satisfaction of child support arrearages owed by him. The matter before the Court is Mr. Wells's motion to quash execution of the judgment which is the subject of the levy.

The facts relevant to the dispute are as follows. On October 2, 1992, a *pendente lite* order was entered by Judge Kenny requiring Mr. Wells to pay $1,084 per month in support for the parties' two minor children. On December 23, 1992, Judge Wooldridge found Mr. Wells in contempt of court for failure to pay child support and ordered Mr. Wells to pay $200 per month toward the arrearage that had accrued.

Pursuant to Va. Code § 20–60.3(10), Ms. Wells then obtained a judgment on August 2, 1993, against Mr. Wells for $4,556.13, the amount of arrearage then existing. The parties were then divorced by a final decree entered on November 3, 1993, which provided that the support arrearage, then totaling $6,954.61, was to be paid in installments of $200 per month. On January 4, 1994, Ms. Wells filed a levy request directing the sheriff to execute on all of Mr. Wells's personal

property in satisfaction of the judgment rendered on August 2, 1993. As of that date, Mr. Wells had made payments towards the arrearage consistent with the mandate of the final decree.

As a general principle, matters relating to the execution of judgments are within the inherent equitable jurisdiction of the court to prevent injustice. *See* 30 Am. Jur. 2d, *Executions*, § 3 (1967), and 8A Michie's Jurisprudence, *Executions*, § 60 et seq. (1977). While a party has an absolute right to enforce a valid judgment, the manner in which that judgment is executed is within the control of the court. *Id.*

The exercise of the court's inherent equitable jurisdiction rests on certain principles of law. First, when a judgment is subject to payments that have not been credited, a writ of execution issued pursuant to that judgment is voidable. *Barbuto v. Southern Bank*, 231 Va. 63, 68 (1986). Further, executions issued contrary to an agreement between the debtor and creditor are also voidable. *Baer v. Ingram*, 99 Va. 200 (1901); *Fulkerson v. Taylor*, 102 Va. 314 (1904); *Hagan v. Dungannon L. Co.*, 145 Va. 568 (1926). Where the writ of execution is found to be improper for either of these reasons, remedy by motion to quash is appropriate. *Broyhill v. Dawson*, 168 Va. 321 (1937).

The above-articulated principles are applicable here. First, I find that while Mr. Wells is current in his arrearage payment, having made payment in installments pursuant to the divorce decree, the demand in the writ of execution does not reflect credit for payments made. The execution proceeded upon here is clearly subject to being quashed on this basis alone.

Second, I find that even had credit been given for payments made, execution on the judgment is precluded by the agreement Ms. Wells made to accept payment in monthly installments. In light of that agreement, she is now estopped from acting inconsistently with its terms. *Emrich v. Emrich*, 9 Va. App. 288 (1989); *Luck v. Boatwright*, 157 Va. 490 (1932); *Big Vein Pocahontas Co. v. Browning*, 137 Va. 34 (1923) (where one party to a transaction induces the other to reasonably believe that she has waived certain rights, remedies or objections which she is entitled to assert, she will be estopped from insisting upon those rights, remedies or objections to the prejudice of the one misled).

For the reasons stated above, the execution is hereby quashed.

April 5, 1994

I am in receipt of Ms. Tyrrell's letter dated March 8, 1994. The questions raised in the letter indicate that some clarification of the posture of this matter is required.

As stated in the Order entered on January 21, 1994, while the executions obtained by Ms. Wells were quashed, the Court took under advisement the issue of whether further execution on the judgments would be permitted. In order to preserve the *status quo* while the matter was being considered, further execution on the judgments was provisionally stayed, pending further order of the Court. As stated in my earlier letter, dated February 25, 1994, further execution of the judgments is stayed and the January 21 Order shall be continued.

The second issued raised by Ms. Tyrrell's letter is whether Ms. Wells' judgments must be stricken from the judgment docket. It is contended that the judgment was docketed in contravention of Va. Code § 8.01–460, which prohibits the docketing of certain support judgments and orders without leave of court. For the following reasons, the motion is denied. Under former Va. Code § 8–384 (1950), support payments automatically constituted a lien on the payor spouse's real estate unless the court ordered otherwise. *See, e.g., Canavos v. Canavos,* 205 Va. 744 (1965). This section was amended to provide that while support orders payable in future installments shall be liens on the obligor's real estate, such orders shall not be docketed unless ordered by the court. Va. Code § 8.01–460.

By its own terms, § 8.01–460 applies only to orders and awards payable in future installments and not to judgments based on an accrued support arrearage. It does not circumscribe, therefore, Ms. Wells' right to docket her judgments and avail herself of the same enforcement remedies available to any other judgment creditor. *See Booth v. Booth,* 7 Va. App. 22 (1988). But for the stay of execution on the judgments, she would be able to proceed with the collection of the judgments as permitted under Virginia law.