# Richmond.

## SUTTON AND ALS. V. MARYE, AUDITOR.

### JANUARY 14, 1886.

VENDITIONI EXPONAS—*Motions to quash—Case at bar.*—Commonwealth got judgment against sheriff of W. county, and his sureties, and had *fi. fa.* issued and levied. Upon return thereof, it had a *venditioni exponas* issued. Instead of this writ going to the sheriff, it was taken in charge by the auditor of public accounts. Nothing was done, and no other process issued for over sixteen years, when, in December, 1884, an *alias fi. fa.* was issued, levied and returned, and thereupon a writ of *venditioni exponas* was issued. The sureties moved the court below to quash the *alias* writ of *venditioni exponas;* which motion was denied. On error—

HELD :

> The writ of *venditioni exponas,* as well as the *alias fi. fa.,* was issued without authority of law, and should be quashed.

Error to judgment of circuit court of city of Richmond, rendered February, 1885, on a motion, wherein John F. Sutton, John L. Bradley, Joel Kaylor, and John W. Johnston, were plaintiffs, and Morton Marye, the auditor of public accounts of the State of Virginia, was defendant, to quash two writs of *venditioni exponas,* issued in the Commonwealth against Campbell, sheriff of Washington county, and said Sutton and fifteen others, sureties of said sheriff on his official bond, which writs were issued December 31, 1884, and January 6, 1885, respectively, and directed the one to the sheriff of Washington county, and the other to the sheriff of the city of Richmond.

The circuit court overruled the motion to quash said writs, and the plaintiffs obtained a writ of error and *supersedeas* to this court.

Opinion states the case.

*John W. Johnston* and *John A. Campbell,* for the plaintiff in error.

*L. T. W. Marye,* for the defendant in error.

LACY, J., delivered the opinion of the court.

On the 14th of November, 1867, a judgment was rendered in the circuit court of Richmond, in favor of the Commonwealth against the plaintiffs in error, who were the sureties of James L. F. Campbell, sheriff of Washington county, on his official bond, and against the said sheriff for the sum of $7,240.87, with interest at the rate of twelve per centum per annum, and costs.

On the 12th of December, 1867, an execution issued upon the said judgment, and was placed in the hands of the sheriff of said county, who levied the same upon the personal property of the said Campbell, late sheriff, and upon a tract of land belonging to each of the sixteen sureties, and made return thereon, showing the same, February 29, 1868. A writ of *venditioni exponas* was issued April 8, 1868, directed to the sheriff of Washington county, returnable to June rules following. On the said 8th of April, 1868, this writ was received by the auditor of public accounts through William R. Smith, a clerk in the auditor's office, who receipted for the same for the auditor. And of this writ the record discloses nothing further.

December 1, 1884, two executions were issued returnable to January rules, one directed to the sheriff of Washington

county and the other to the sheriff of Richmond city, for the original amount in the first execution, endorsed as follows:

"Damages within mentioned remitted, and interest reduced to six per centum per annum by act of assembly approved June 27, 1870. See Acts 1869–70, page 211. Balance due October 1, 1870, $5,943.32, with interest at the rate of six per cent. per annum from that date until paid; also $16.45 costs.

"LITTLETON T. W. MARYE,
"Att'y for the Commonwealth."

On one the sheriff of Richmond city made return through his deputy, as follows: Levied December, 1884, upon all the interest of John W. Johnston in the house and lot situated on Franklin and Eighth streets, in the city of Richmond, in which said Johnston resides, and formerly the property of John A. Meredith, deceased.

On the other the sheriff of Washington county endorsed: "Received December 10, 1884, at 9 o'clock A. M. Executed December 18, 1884, at 9 o'clock A. M. by levying upon five mules, three horses, thirty-five cattle, and forty sheep, the property of John F. Sutton;" and setting forth a further levy on the property of John L. Bradley, the said Sutton, the heirs of Regnall Butt, deceased, W. A. Gilliam, and Joel Kaylor. "No sale for want of time; property advertised for March 23, 1885. Execution returned and *venditioni exponas* desired."

The sheriff of Richmond city, upon motion, was allowed by the court to amend his return with the words: "I could not find any personal property liable to levy."

Two writs of *venditioni exponas* were issued, one dated December 31, 1884, directed to the sheriff of the city of Richmond; and the other dated January 6, 1885, directed to the sheriff of Washington county, endorsed by Littleton T. W. Marye, attorney for the Commonwealth, as upon the execution.

The sheriff of Richmond city made endorsement : "To hand
January 2, 1885, at 10 o'clock A. M." The sheriff of Wash-
ington county made no endorsement nor return, so far as the
record discloses. The act of assembly of 27th June, 1867,
mentioned above, was read, and an act of assembly of Novem-
ber 27, 1884, entitled an act for the relief of the sureties of J.
L. F. Campbell, allowing the auditor to accept bonds of the
State, issued under act of February 14, 1882. A certificate
of the clerk of Washington county was introduced, setting
forth that there was in his office no record of any sales of real
estate belonging to the said sheriff nor his sureties, and that
it had not been the custom of sheriffs to make such report of
sales made by them at the end of each year ; and extracts
were read from the journals of the house of Delegates show-
ing the progress to their passage of the said relief bills.
Upon the hearing of the case the court overruled the motion
of the plaintiffs—the said sureties of the said Campbell,
sheriff—to quash the said writs of *venditioni exponas* and gave
judgment for the Commonwealth.

Whereupon, the case was brought to this court by writ of
error by the said sureties, the plaintiffs in error. The ground
upon which the said motion to quash was based, among others,
was the fact that the first execution was returned fully levied,
and that the writ of *venditioni exponas* was placed in the hands
of the auditor of public accounts, and no return had been
made thereon, although the new *alias* executions had been by
the Commonwealth endorsed with large credits, made upon
the same, or in some other way, to the auditor of public
accounts, who was authorized by law to control the same.

That the auditor of public accounts was authorized by law to
institute and control the proceedings in this suit cannot be ques-
tioned. The first section of chapter forty of the Code provides
that "the auditor of public accounts shall institute and pros-

ecute all proceedings proper to enforce payment of money to the Commonwealth." The eighteenth section of the same chapter authorizes the clerk of the court from which an execution issued, when required by the auditor of public accounts, to issue a writ of *venditioni exponas,* &c. New executions are authorized by the law, after the return day of the first execution, "when on a former execution there is a return *by which it appears that the writ has not been executed, or that it or any part of the amount thereof is not levied,*" or that property levied on has been discharged by legal process, which does not prevent a new execution on the judgment. Chapter 183, Code, sec. 38. The return on the first execution in this case has been set forth in full, by which return it appears that the same was executed and fully levied, and a writ of *venditioni exponas* has been issued, upon which there is no return. Where, then, is the authority in the law for the issue of new executions? It cannot be claimed under the law just quoted. It cannot be pretended that in this case there is such a return under a former execution, by which it appears that the writ has not been executed and fully levied. The contrary must be admitted, and is clearly established by the record. What was done under the former writ and the *venditioni exponas* following does not appear by any return, nor in any other way, although admitted credits disclose payments there made, in some form, to the auditor of public accounts, either through the sheriff or through some other channel.

The case of *Walker* v. *The Commonwealth,* 18 Gratt., 13, is relied on to sustain the decision of the circuit court in this case. The decision in that case proceeds upon the concessum that the auditor had the right to control the judgment and to stay proceedings after the levy was made, and that the effect of his act in staying such proceedings by itself, or in connection with the act of the attorney-general and the act of the general

assembly (the relief act in that case), was to discharge the property levied on from the executions. And the opinion in that case expressly proceeded upon such assumption. Can that case then be made to apply to this? Here the auditor took charge of the *venditioni exponas*, and there is no hint throughout the record that he or any other person released the lien of the first execution, or abandoned it; but the contrary appears so far as the record goes. It appearing by the record that the first execution was returned executed by an ample levy, and, there being no return thereunder, nor under the subsequent process looking to the full execution of the same by a sale and satisfaction thereunder, that that execution was not fully and completely executed—there was no lawful authority to issue the *alias* writs, and the same should have been quashed. Mr. Barton, in his law practice, referring to this statute, states the principle very correctly I think. He says a creditor may sue out other executions, at the defendant's costs, when on a former execution there is a return by which it appears that the writ has not been executed, or that it or any part of the amount thereof is not levied. These provisions of the statute were adopted for the purpose of settling many vexed questions which arose before their dates, and which now need no longer be subjects of discussion. It must be apparent, however, from what has already been said, that the right of issuing numerous executions will not be permitted to be used for the purpose of unnecessarily oppressing or injuring the debtor, and in such case a motion to quash will prevail, or a court of equity will interfere by injunction. Barton's Law Practice, p. 296. So, also, will a second execution be quashed when issued after a former one which had been satisfied, *or levied on property sufficient to satisfy it. Id.*, p. 297.

There are other questions raised and discussed by the learned counsel, who have argued this case, but the foregoing disposes

of the question in submission here in this case, and it is not necessary to say more to show that the *alias* executions in this case were issued without authority of law, and must be quashed.

We are of opinion that the circuit court of Richmond erred in its judgment complained of in refusing to quash the said executions, and the said judgment must be reversed.

The order was as follows:

This day came again the parties, by their counsel, and the court, having maturely considered the transcript of the record of the judgment aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the circuit court of Richmond city erred in its judgment aforesaid of the 28th day of February, 1885, appealed from here, in overruling the motion of the plaintiffs in error to quash the executions issued respectively December 31, 1884, and January 6, 1885. It is therefore considered by the court that the said judgment of the said circuit court of Richmond city be reversed and annulled. And this court, proceeding to render such judgment as the said circuit court of Richmond city ought to have rendered, doth adjudge and order that the said executions be quashed. Which is ordered to be certified to the said circuit court of Richmond city.

JUDGMENT REVERSED.