## Wytheville.

LANGSTON V. BASSETTE AND OTHERS.

June 15, 1905.

Absent, Cardwell, J.

1. PROCESS—*Infants—Guardian ad litem.*—An infant can only appear and defend by a guardian *ad litem,* and proceedings against him are generally fatally defective unless the record shows that such a guardian was assigned him. If, however, it clearly appears that the decree rendered in a case to which such infant is a party is beneficial to him, the failure to appoint a guardian *ad litem* will not be reversible error.

Appeal from a decree of the Circuit Court of Elizabeth City county in a suit in chancery. Decree for defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Jones & Woodward* and *D. Lawrence Groner,* for the appellant.

*F. S. Collier & Son,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This suit was instituted by the appellant for the purpose of impeaching the validity of a writing which had been admitted

to probate as the last will and testament of Matilda Barnes, deceased. An issue of *devisavit vel non* was ordered. Upon the trial of that issue a jury was waived, and, all matters of law and fact having been submitted to the court for its decision, the court was of opinion that the said writing was the last will and testament of Matilda Barnes and so decreed. From that decree this appeal was granted.

It is alleged in the bill that James Barnes, one of the devisees and legatees named in the said writing, was an infant. He was made a party defendant and process was served upon him, but no guardian *ad litem* was appointed for him.

. As an infant can only appear and defend by guardian *ad litem,* proceedings against him are generally fatally defective unless the record shows that a guardian *ad litem* was assigned him. *Code,* section 3255. See *Roberts* v. *Staunton,* 2 Munf. 129, 5 Am. Dec. 463; *Cole* v. *Pennell,* 2 Rand. 174; *Parker* v. *McCoy,* 10 Gratt. 594; *Ewing, &c.* v. *Ferguson,* 33 Gratt. 548; *Turner* v. *Barraud,* 102 Va. 324, 330, 331, 46 S. E. 318; *Note* to *Caperton* v. *Gregory,* 11 Gratt. (Michie's Ed.), at p. 251 *et seq.,* where a number of cases on the subject are collected.

It may be that the decree appealed from was for the benefit of the infant in this case since he was named as a devisee and legatee in the writing which was held to be the last will of the decedent. If this clearly appeared, the failure to appoint a guardian *ad litem* for him would not be reversible error. See *Harman* v. *Davis,* 30 Gratt. 461; *Morriss* v. *Va. Ins. Co.,* 85 Va. 588, 8 S. E. 383. But it does not so appear. In the writing which was held to be the will of the decedent, she describes the infant as her adopted son. The pleadings and proofs in the case show that she was a widow, and that she died without issue or any descendant of issue living. If the infant was in fact her adopted child, then it would be to his interest to

have the writing in question held not to be her last will, as in that event he would take the whole estate instead of the small portion devised and bequeathed to him. Va. Code, 1904, section 2614.

We are of opinion, therefore, without passing upon any of the other questions raised on this appeal, that the decree appealed from should be reversed, and it and all orders in the cause affecting the rights of the said infant should be set aside and the cause remanded to the Circuit Court, that a guardian *ad litem* may be appointed for James Barnes (if he is still an infant) and such further proceedings had as may be necessary and proper for his full defense and for a final disposition of the cause.

*Reversed.*