## Staunton.

### WEAVER & OTHERS v. GLENN.

September 21, 1905.

1. PLEADING—*Infants—Guardian ad litem—Failure to Appoint—Effect.*—An infant can only appear and defend an action by a guardian *ad litem* duly appointed for that purpose, and the omission to appoint such guardian *ad litem* is reversible error in all cases unless it appears that the judgment is for the infant, and not to his prejudice.

Error to a judgment of the Circuit Court of Augusta county, in an action of ejectment. Judgment for the plaintiff. Defendants assign error.

*Reversed.*

The opinion states the case.

*Curry & Glenn,* for the plaintiffs in error.

WHITTLE, J., delivered the opinion of the court.

This action of ejectment was brought by the defendant in error against the plaintiffs in error to recover the land described in the declaration. At the trial, the defendants without waiving any of their rights, agreed with the plaintiff to submit all matters of law and fact to the determination of the court, whereupon a joint judgment was rendered against them for the land in controversy and costs.

It appears that four out of the five claimants of the property in fee simple are infants, and that no guardian *ad litem* was appointed to defend them, which omission constitutes the first

assignment of error. In every action or suit against an infant defendant, it is the duty of the court wherein the same is pending, or of the judge or clerk thereof in vacation, to appoint a guardian *ad litem* to represent the interest or estate of the infant. Va. Code, 1904, sec. 3255.

"So necessary is the appointment of a guardian *ad litem* esteemed," says Mr. Minor, "that although the process against an infant is issued and executed against him just as against an adult, and the declaration or bill setting forth the complaint is framed and filed in like manner, yet, after the declaration or bill is filed, no rule or any proceeding whatever can be had lawfully until a guardian is designated; and any step that is taken will be void as to the infant." 1 Minor's Inst. (2nd Ed.), 432; 1 Barton's Law Pr. 206.

In *Turner* v. *Barraud,* 102 Va. 324, 46 S. E. 318, this court held: "The only way known to our law of bringing an infant before a court is by a guardian *ad litem* appointed to conduct his defense for him. If he has appeared in a suit by a guardian *ad litem* regularly appointed for that purpose, he cannot afterwards, in an independent suit impeach a decree rendered against him for errors and irregularities in the proceedings in the suit in which the decree was rendered; but if no guardian *ad litem* was appointed or recognized by the court, he is not bound by the action of one who assumed to act for him, and the decree against him is void, and may be collaterally assailed."

In the yet more recent case of *Langston* v. *Bassette, ante,* p. 47, 51 S. E. 218, it is said: "As an infant can only appear and defend by guardian *ad litem,* proceedings against him are generally fatally defective unless the record shows that a guardian *ad litem* was assigned him. Code, 1887, sec. 3255 (Va. Code, 1904, p. 1714). See *Roberts* v. *Stanton,* 2 Munf. 129, 5 Am. Dec. 463; *Cole* v. *Pennell,* 2 Rand. 174; *Parker* v. *McCoy,* 10 Gratt. 594; *Ewing* v. *Ferguson,* 33 Gratt. 548; *Turner* v. *Barraud,* 102 Va. 324, 331, 46 S. E. 318; note to *Caperton* v. *Gregory,* 11 Gratt. (Va. Rep. Anno.), at page 251 *et seq.,* where a number of cases on the subject are collected."

· The omission to appoint a guardian *ad litem* for an infant defendant is reversible error in all cases, unless it appears that the judgment or decree is for the infant, and not to his prejudice. Va. Code, 1904, sec. 3449; *Langston* v. *Bassette, supra.*

Without passing upon any other assignment, we are of opinion that for this initial error the judgment complained of must be reversed, and the case remanded for further proceedings to be had therein in conformity with this opinion.

*Reversed.*