# Richmond.

## H. D. KANTER v. B. P. HOLLAND, JR.

March 20, 1930.

Absent, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Harry H. Kanter*, for the plaintiff in error.

*B. P. Holland, Jr., in propria persona*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This writ of error is to a judgment pronounced in favor of defendant in error. In the year 1922, H. D. Kanter, plaintiff in error, obtained in the Circuit Court of Princess Anne county a judgment against B. P. Holland, Jr., in the sum of $700.00, for injuries received in an automobile accident. The judgment was duly docketed and execution issued, which was returned, "No effects."

On June 6, 1928, plaintiff had an alias execution issued upon the judgment. Thereupon, defendant appeared in open court on August 7, 1928, and moved the court to quash the execution issued against him on the 6th day of June, 1928, for the following reason: "That the judgment entered against this defendant on the 29th day of June, 1922, upon which this execution is issued, is null and of no effect, for the reason that the said defendant was an infant under the age of twenty-one years, to-wit, that he was nineteen years

of age when said judgment was entered against him, and that no guardian *ad litem* was appointed to represent his interests, as required by law, and that consequently the said execution is null, void and of no effect."

It appears from the stipulation of counsel that at the time of the trial and entry of judgment, in June, 1922, Holland was an infant, nineteen years of age; that the record in the action at law fails to disclose that a guardian *ad litem* was appointed for the defendant. It further appears that the defendant testified upon the trial that he was nineteen years of age.

All matters of law and fact were submitted to the court on the 7th day of August, 1928, the court pronounced this judgment: "* * * it appearing that the defendant, B. P. Holland, Jr., was under the age of twenty-one years, to-wit, that he was nineteen years of age, on the 29th day of June, 1922, and that no guardian *ad litem* was appointed to represent his interest, it is ordered that the alias execution issued on said judgment on the 6th day of July, 1928, be and the same is hereby quashed."

It is well settled in this jurisdiction that unless the record affirmatively shows the appointment of a guardian *ad litem* to defend the interests of the infant, such appointment will not be presumed as a matter of law. *Langston* v. *Bassette*, 104 Va. 47, 51 S. E. 218; *Jeffries* v. *Jeffries*, 123 Va. 147, 96 S. E. 197; *Catron* v. *Bostic*, 123 Va. 355, 96 S. E. 845. Thus, no question of fact is involved in this controversy and the only question of law involved is whether or not a judgment obtained against an infant in a law action is a valid judgment when it appears that the infant was not represented in the litigation by a duly appointed guardian *ad litem*. It must be conceded that "the

weight of authority is to the effect that, where the court has otherwise jurisdiction, a judgment or decree rendered against an infant without the appointment of a guardian *ad litem*, while it may be erroneous and subject to be reversed or set aside, or be ground for a new trial, at most is only voidable, but not absolutely void; * * *." 31 C. J. 1121–2. Black on Judgments, section 193.

An examination of a majority of the cases cited in the footnote to the above quoted section from Corpus Juris fails to show whether or not the question involved was affected by a statute similar to our statute, section 6098 of the Code. That section provides in part: "The proceedings wherein an infant * * * is a party shall not be stayed" because of the infancy of a defendant, but "the court shall appoint some discreet and competent attorney at law as guardian *ad litem*, whether such defendant shall have been served with process or not; or if no such attorney be found willing to act, the court * * * shall appoint some other discreet and proper person as guardian *ad litem*. * * * Every guardian *ad litem* shall faithfully represent the interests or estate of the infant * * * for whom he is appointed, and it shall be the duty of the court to see that the estate of such defendant is so represented and protected."

Whatever may be the rule of decision elsewhere, we are of opinion that the law in Virginia is that a personal judgment rendered against an infant for whom no guardian *ad litem* has been appointed is void.

In *Cole* v. *Pennell*, 2 Rand. (23 Va.) 174, the facts were that an infant had been served with process, and an office judgment rendered against him, but no guardian *ad litem* had been appointed. He became of age before the office judgment became final, but failed

to appear or move to have it set aside within the term within which he could have done so. Judge Green, speaking for the court, said: "No rule could be taken against him (the infant) until a guardian was appointed to defend him, or he attained his age; and if no one on his behalf applied to the court to appoint one, the plaintiff was bound, at his peril, to do so."

In *Turner* v. *Barraud*, 102 Va. 324, 46 S. E. 318, 320, it is said: "The only method known to our law for bringing an infant before the court is by guardian *ad litem*, who is appointed to conduct the defense of the infant, who has no discretion to select an attorney to represent him. 'So necessary is the appointment of a guardian *ad litem*, esteemed, that, although the process against an infant is issued and executed against him just as against an adult, and the declaration or bill setting forth the complaint is framed and filed in like manner, yet, after the declaration or bill is filed, no rule or any proceeding whatever can be had lawfully, until a guardian is designated; and any step that is taken will be void as to the infant.' Minor's Inst. (2d ed.), Vol. I, page 432."

It is contended, however, by counsel for the plaintiff that the latter case is to be distinguished from the case at bar, in that it was a chancery case involving the sale of infants' lands. That the rule is the same whether applied in equity or at law is manifest from the decision in *Weaver* v. *Glenn*, 104 Va. 443, 51 S. E. 835. That case was an action of ejectment—purely a legal matter. There was a judgment for the plaintiff. It appears that four of the defendants were infants, and that no guardian *ad litem* was appointed to defend them, which constitutes the first assignment of error. Referring to section 3255, Code 1904, now section 6098, Code 1919, Judge Whittle said: "In every action or suit against

an infant defendant, it is the duty of the court wherein the same is pending, or of the judge or clerk thereof in vacation, to appoint a guardian *ad litem* to represent the interest or estate of the infant." He then quotes with approval the language from 1 Minor's Inst., quoted in *Turner* v. *Barraud, supra.*

In *Langston* v. *Bassette,* 104 Va. 47, 51 S. E. 218, 219, it is said: "As an infant can only appear and defend by guardian *ad litem,* proceedings against him are generally fatally defective unless the record shows that a guardian *ad litem* was assigned him." Reference is also made by Judge Buchanan, who delivered the opinion of the court, to section 3255 (Code 1904), now 6098, Code 1919. To the same effect is Burks' Pl. & Pr. (2d ed.), page 300.

In the syllabus to *Turner* v. *Barraud, supra,* prepared by Judge Burks, Jr., we read: "The only way known to our law of bringing an infant before a court is by a guardian *ad litem* appointed to conduct his defense for him. If he has appeared in a suit by a guardian *ad litem,* regularly appointed for that purpose, he cannot afterwards, in an independent suit, impeach a decree rendered against him for errors and irregularities in the proceedings in the suit in which the decree was rendered; but if no guardian *ad litem* was appointed or recognized by the court, he is not bound by the actions of one who assumed to act for him, and the decree against him is void, and may be collaterally assailed."

In the note to section 6098, Code 1919, prepared by the Revisors, it is said: "An infant can only appear and defend by guardian *ad litem,* and proceedings against him are fatally defective unless the record shows that a guardian *ad litem* was assigned him." Citing *Glenn* v. *Weaver, supra.*

In Lile's Equity Pl. & Pr., page 32, it is said: "The rule denying infants or insane defendants the privilege of appearing in a court of law in person, or by attorney, is equally applicable to courts of equity." The view is also held by that eminent author, that on the failure of the guardian *ad litem* to enter an appearance, the infant is not properly a party to the suit and hence the proceedings are invalid as to him. *Id.*

As we are of opinion that the rendition of the judgment against the defendant in the action at law was a nullity, we are further of opinion that it was amenable to collateral attack, and that a motion to quash the execution was a proper procedure.

In *Blair* v. *Henderson*, 49 W. Va. 282, 38 S. E. 552, 554, it is said: "A motion to quash an execution issued upon a void judgment is a proper proceeding."

The judgment complained of is without error and must be affirmed.

*Affirmed.*