# Wytheville

THOMAS BROYHILL v. CHARLES DAWSON, ETC.

June 10, 1937.

Present, All the Justices.

The opinion states the case.

*Archer L. Jones,* for the plaintiff in error.

*White & Temple,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The facts in the case are amply and tersely stated in the brief of the defendant in error. We quote them.

"On September 26, 1934, Thomas Broyhill recovered in the Circuit Court of the city of Hopewell, Virginia, a judgment against Charles Dawson; on June 18, 1935, an execution was issued on this judgment, directed to the sergeant of the city of Petersburg; on August 20, 1935, Charles Dawson, an infant, by his next friend, B. E. Dawson, moved the Cir-

cuit Court of the city of Hopewell to quash this execution on the ground that the judgment on which it was issued was void, having been rendered against him when he was but eighteen years old, and without the appointment of a guardian *ad litem*. Thomas Broyhill filed an answer to this motion in which he contended: (1) An inspection of the record of the proceedings in which the judgment against Dawson was rendered showed the judgment to be valid; (2) No evidence *dehors* the record could be introduced to contradict the record; (3) The court in pronouncing judgment necessarily found as a fact that Dawson was over twenty-one years old; (4) Dawson was estopped to assert that he was under twenty-one years of age. All matters of law and fact were submitted to the court for decision without the intervention of a jury, and the order here complained of was entered quashing the execution."

The motion to quash the execution, as has been already said, is based on the ground that Charles Dawson, the defendant in the original suit, was an infant but eighteen years old at the time of the rendition of the judgment, and that no guardian *ad litem* had been appointed to represent his interests.

It does not appear on the face of the record of the original suit that the defendant was an infant. His true age, however, is not denied by the plaintiff in error.

The evidence was introduced and received by the trial court proving the age of the defendant and the fact that no guardian *ad litem* had been appointed for him in that suit. There was also evidence in behalf of the plaintiff in error, that the defendant, Dawson, had said that he was twenty-one years old at the time of the accident, which was involved in the suit; that he swore in making application for a marriage license, that he was twenty-one years old, which was before the judgment was had against him in the suit referred to.

This testimony was denied by Dawson, except that relating to the application for his marriage license.

As the judgment of the court was in Dawson's favor,

his testimony, which conflicts with that of his adversary, must be accepted.

The important question which is here presented, and which must be determined, is whether an infant, under the circumstances related, who moves to quash an execution on a judgment obtained under the conditions present, will be permitted by the court to establish the fact of his infancy where the record in the case in which the judgment was rendered is silent on that feature. Where the record, as in this case, does not show the appointment of a guardian *ad litem* there is no presumption that such appointment was made.

The following cases afford authority for this proposition: *Kanter* v. *Holland*, 154 Va. 120, 152 S. E. 328; *Langston* v. *Bassette*, 104 Va. 47, 51 S. E. 218; *Catron* v. *Bostic*, 123 Va. 355, 96 S. E. 845.

In the case of *Kanter* v. *Holland, supra,* this court said: "It is well settled in this jurisdiction that unless the record affirmatively shows the appointment of a guardian *ad litem* to defend the interests of the infant, such an appointment will not be presumed as a matter of law. * * *

"Whatever may be the rule of decision elsewhere, we are of opinion that the law in Virginia is that a personal judgment rendered against an infant for whom no guardian *ad litem* has been appointed is void. * * *

"As we are of opinion that the rendition of the judgment against the defendant in the action at law was a nullity, we are further of opinion that it was amenable to collateral attack, and that a motion to quash the execution was a proper procedure."

The motion to quash an execution is provided for by section 6499 of the Code of Virginia 1936. An annotation under that section states: "It is well settled that a motion to quash is the proper remedy where an execution is irregular and has been issued without authority of law. *Sutton* v. *Marye*, 81 Va. 329; *Snavely* v. *Harkrader*, 30 Gratt. (71 Va.) 487."

The plaintiff in error further contends that because the

record in the suit in which the judgment was rendered is silent as to the age of the defendant therein, and because judgment was given against him, the court thereby adjudicated that he was over twenty-one years of age, and that there is also a conclusive presumption of that fact.

It is forcefully contended by the defendant in error that the court is not compelled to "blindly presume that the age of the defendant was over twenty-one because judgment was rendered and no guardian *ad litem* was appointed, * * * that there is no principle of law or reason that will justify a court in refusing to ascertain whether the court entering the judgment had jurisdiction to do so."

In our opinion the pivotal question, in this case, to which we have adverted is settled in this State by the decisions in *Kanter* v. *Holland, supra,* and *Beck* v. *Semones' Adm'r,* 145 Va. 429, 134 S. E. 677, 680.

The plaintiff in error assails the decision of the former case, as authority in the case in judgment, because in that case the parties stipulated that it was a fact that at the time of the trial and entry of judgment in that case the defendant was an infant and that the record failed to disclose that a guardian *ad litem* was appointed for him. It is also stated in the opinion that the defendant testified upon the trial that he was nineteen years of age. These circumstances establish a distinction between the two cases, so far as their facts are concerned, but such distinction does not impair the principle announced in the *Kanter Case* to the effect that a personal judgment rendered against an infant for whom no guardian *ad litem* was appointed is void.

The plaintiff in error emphasizes and stresses the rule that the record is conclusively presumed to speak the truth and that the law does not permit the introduction of evidence *dehors* the record to overthrow that which, for reason of public policy, it treats as absolute verity. This is very well and it is sound, but it can have no application to a case in which there has been a judgment which this court has, under similar circumstances, denominated· a nullity and

void because a cardinal requirement of the law was ignored in the proceedings.

A thing that is null and void has no legal existence. It is lifeless. Life cannot be infused into it—being cannot be given to it—by a court order or judgment. The weakness of the contention of the plaintiff in error comes of the fact that he fails to distinguish between a void judgment and a voidable one. The cases which he cites and upon which he relies, which we have examined, involve the latter class.

In *Beck* v. *Semones' Adm'r, supra,* this court said through the eminent Judge Burks: "It is conceded by all the authorities that if a judgment is void, it may be assailed anywhere, at any time, in any way, by anybody. It is immaterial whether the assault be direct or collateral. It is a nullity and may be treated as such. * * *

"If the service or appearance was illegal, a decision of the trial court to the contrary could not make it legal. If such were true, then the trial court could never, under any circumstances, enter a void judgment.

"There are many cases in which the trial court has adjudged that it had jurisdiction of the subject matter and of the parties but did not, and yet its judgment has been held to be void and subject to collateral attack." *Windsor* v. *McVeigh,* 93 U. S. 274, 282, 23 L. Ed. 914; *Anthony* v. *Kasey,* 83 Va. 338, 5 S. E. 176, 5 Am. St. Rep. 277.

It will be noted that in the case last quoted from evidence was admitted to explain what was called an ambiguity.

In the case of *Ferguson* v. *Crawford,* 70 N. Y. 253, 26 Am. Rep. 589, the following was said: "In *Bigelow* v. *Stearns,* 19 Johns. [39] 41 [10 Am. Dec. 189], Spencer, C. J., laid down the broad rule that if a court, whether of limited jurisdiction or not, undertakes to hold cognizance of a cause without having gained jurisdiction of the person by having him before them in the manner required by law, the proceedings are void."

And further in the same case this is said: "In *Harrington* v. *People,* 6 Barb. (N. Y.) 607, 610, Paige, J., expresses the

opinion that the jurisdiction of a court, whether of general or of limited jurisdiction, may be inquired into, although the record of the judgment states facts giving it jurisdiction."

The same judge is quoted as having said, in *Hard* v. *Shipman*, 6 Barb. (N. Y.) 621, 623, 624, "that the record is never conclusive as to the recital of a jurisdictional fact, and the defendant is always at liberty to show a want of jurisdiction, although the record avers the contrary. If the court had no jurisdiction, it had no power to make a record, and the supposed record is not in truth a record."

Quoting still further from *Ferguson* v. *Crawford, supra,* this was said: "In *Bolton* v. *Jacks,* 6 Rob. [29 N. Y. Super. Ct. 166] 198, Jones, J., says that it is now conceded, at least in this State, that want of jurisdiction will render void the judgment of any court, whether it be of superior or inferior, of general, limited or local jurisdiction, or of record or not, and that the bare recital of jurisdictional facts in the record of a judgment of any court, whether superior or inferior, of general or limited jurisdiction, is not conclusive, but only *prima facie* evidence of the truth of the fact recited, and the party against whom a judgment is offered is not, by the bare fact of such recitals, estopped from showing, by affirmative proof that they were untrue, and thus rendering the judgment void for want of jurisdiction. See also, *Dobson* v. *Pearce,* 12 N. Y. [156] 164 [62 Am. Dec. 152], and *Hatcher* v. *Rocheleau,* 18 N. Y. [86] 92."

In *Kanter* v. *Holland, supra,* the following was said: "In *Cole* v. *Pennell,* 2 Rand. (23 Va.) 174, the facts were that an infant had been served with process, and an office judgment rendered against him, but no guardian *ad litem* had been appointed. He became of age before the office judgment became final, but failed to appear or move to have it set aside within the term within which he could have done so. Judge Green, speaking for the court, said: 'No rule could be taken against him (the infant) until a guardian was appointed to defend him, or he attained his age; and

if no one on his behalf applied to the court to appoint one, the plaintiff was bound, at his peril, to do so.' "

Thus the plaintiff is charged with the burden of ascertaining whether the defendant is an infant or an adult.

The case of *Cole* v. *Pennell, supra,* held that an infant cannot be prejudiced by any judicial proceeding, unless he be defended by a guardian, and that this is the rule, without which infants, incapable of protecting themselves, might be utterly ruined, under color of judicial proceedings.

We adhere firmly to the former decisions of this court, holding that a void judgment may be attacked either directly or collaterally. It may be well, however, to say that the motion, in the case in judgment, to quash the execution is born of a statutory provision, and is a direct assault upon the judgment in question.

So, if this court had not gone as far as it has, in holding that a void judgment is amenable to either form of assault, still the defense employed would be quite available and effectual.

"A direct attack on a judicial proceeding is an attempt to avoid or correct it in some manner provided by law." 3 Words and Phrases, First Series, p. 2070. This finds support in *Morrill* v. *Morrill,* 20 Ore. 96, 25 P. 362, 11 L. R. A. 155, 23 Am. St. Rep. 95; *Schneider* v. *Sellers,* 25 Tex. Civ. App. 226, 61 S. W. 541; *Continental Gin Co.* v. *DeBord,* 34 Okl. 66, 123 P. 159, 161.

We affirm the judgment of the trial court.

*Affirmed.*