## MAAGER v. HOYE.
### Civ. A. No. 651.

United States District Court
E. D. North Carolina,
Raleigh Division.
July 10, 1954.

John H. Hall, Elizabeth City, N. C., Frank Banzet, Warrenton, N. C., for plaintiff.

Willis Smith, Jr., Raleigh, N. C., for defendant.

934

GILLIAM, District Judge.

Plaintiff, a minor resident of the State of Wisconsin serving in the United States Navy and stationed at Portsmouth, Virginia, rode as a passenger in an automobile owned and operated by the defendant, a Virginia resident. By reason of defendant's negligence, a collision occurred in North Carolina and plaintiff was injured. Plaintiff agreed with the adjuster for defendant's insurance company to settle the claim. Thereupon, suit was brought in the Circuit Court of the City of Norfolk, Virginia, a court of general jurisdiction, by plaintiff acting through a next friend, asking for damages in the amount of $450. Plaintiff, his next friend, and defendant's attorney appeared before the Court and a consent judgment was entered, ordering the payment of the sum demanded.

Later, plaintiff, through another next friend, commenced suit in the Superior Court of Warren County, North Carolina, against the same defendant and on the same cause of action. Defendant removed the case to this court and pleaded the Virginia judgment in bar of plaintiff's action. Plaintiff replied that the Virginia judgment was void because of want of jurisdiction, extrinsic fraud and new evidence of severe injuries. Defendant then moved for summary judgment under Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.

It is my conclusion that the Virginia judgment is a bar to this action and that, therefore, the defendant's motion should be granted.

In a diversity case such as this, the Federal Court applies the law of the state in which it sits.

North Carolina recognizes and applies the principle of res judicata, namely, that an existing final judgment on the merits, rendered without fraud or collusion by a court of competent jurisdiction, is conclusive of the rights, questions and facts in issue between the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

Article IV, Section 1, of the United States Constitution, and 28 United States Code, § 1738, require that the judicial proceedings of the courts of one state shall have the same full faith and credit in the courts of other states as they have by law or usage in the courts of the state from which they are taken. Accordingly, the North Carolina Supreme Court has held in Re Osborne, 1934, 205 N.C. 716, 172 S.E. 491, that when the judicial proceedings of one state are drawn in question before the courts of another state, their regularity and validity are to be determined, not by the law of the forum, but by the law of the state in which the judgment was rendered; and that the judgment of a sister state must be given full faith and credit where the court of that state had jurisdiction and no extrinsic fraud was shown. Thus, Virginia law is determinative of the questions presented in this action.

Virginia recognizes and applies the doctrine of res judicata. Patterson v. Anderson, 1953, 194 Va. 557, 74 S.E.2d 195, certiorari denied 345 U.S. 965, 73 S.Ct. 952, 97 L.Ed. 1384. This doctrine applies to infants as well as adults. Gimbert v. Norfolk Southern R.R., 1929, 152 Va. 684, 148 S.E. 680; Hinton v. Norfolk & W. Ry., 1923, 137 Va. 605, 120 S.E. 135. Where the second action involves the same parties and the same cause of action as the first, the judgment in the first action is conclusive not only as to matters which were litigated but also as to all matters which might have been litigated. Harris v. Sparrow, 1929, 146 Va. 747, 132 S.E. 694.

A presumption exists in favor of the validity of a judgment regular on its face. Robinett's Adm'r v. Mitchell, 1903, 101 Va. 762, 45 S.E. 287; Buchanan v. Buchanan, 1938, 170 Va. 458, 197 S.E. 426, 116 A.L.R. 688.

■■ A judgment may not be collaterally attacked unless it is void. A judgment which is erroneous, irregular or voidable is not subject to collateral attack, but must be corrected by appeal. Barnes v. American Fertilizer Co., 1925, 144 Va. 692, 130 S.E. 902; Buchanan v. Buchanan, 1938, 170 Va. 458, 197 S.E. 426, 116 A.L.R. 688; Robertson v. Commonwealth, 1943, 181 Va. 520, 25 S.E.2d 352, 146 A.L.R. 966.

■ A judgment is void if there is an absence of jurisdiction appearing on the face of the record. Saunders v. Link, 1912, 114 Va. 285, 76 S.E. 327; Berry v. Smith, 1927, 148 Va. 424, 139 S.E. 252, 55 A.L.R. 279; Kiser v. W. M. Ritter Lumber Co., 1942, 179 Va. 128, 18 S.E.2d 319. The record may show that the Court did not have jurisdiction of the subject matter or of the parties.

■ In this connection, Virginia holds that a judgment against an infant for whom no guardian ad litem has been appointed is void and may be collaterally attacked. Kanter v. Holland, 1930, 154 Va. 120, 152 S.E. 328; Broyhill v. Dawson, 1937, 168 Va. 321, 191 S.E. 779; Cape Charles Flying Service v. Nottingham, 1948, 187 Va. 444, 47 S. E.2d 540. However, in Riddle v. Barksdale, 1953, 194 Va. 766, 75 S.E.2d 507, it was held that a judgment in favor of an infant plaintiff who sued without a next friend was not void where the judgment was for the infant and was not prejudicial to his interest. In the opinion, the Court mentioned that the infant had reached his majority at the time of the appeal and could give the defendant a full release.

■ The general rule is that neither the failure of an infant to sue by a next friend, nor the fact that the next friend has an adverse interest, renders the judgment void, in the absence of fraud or collusion. 43 C.J.S., Infants, § 108.

Section 8–169 of the Code of Virginia 1950 gives the Virginia court power to approve and confirm compromises on behalf of infants in suits to which they are parties. This section provides:

"In any action or suit wherein an infant, idiot or lunatic is a party, the court in which the same is pending shall have the power to approve and confirm a compromise of the matters in controversy on behalf of such infant, idiot or lunatic, if such compromise shall be deemed to be to the interest of the infant, idiot or lunatic; and any order or decree approving and confirming any such compromise shall be binding upon such infant, idiot or lunatic, except that the same may be set aside for fraud; and any such infant shall not be allowed to attack and set aside any such order or decree, unless he shall proceed so to do within six months after coming of age."

■ A judgment procured by extrinsic fraud or collusion is void and may be collaterally attacked. Justis v. Georgia Industrial Realty Co., 1909, 109 Va. 366, 63 S.E. 1084; Taylor v. Taylor, 1932, 159 Va. 338, 165 S.E. 414; O'Neill v. Cole, 1952, 194 Va. 50, 72 S.E.2d 382. Extrinsic fraud is fraud which affects the jurisdiction of the court, which prevents a party from having a trial or from presenting all of his case to the court, or which operates not on the judgment but on the manner in which it is procured, so that there is not a fair submission of the controversy.

■ A mistake of fact, such as the severity of injuries sustained in a collision, or a change in the facts subsequent to the entering of a judgment, does not render the judgment void, but at most, erroneous and voidable. 30 Am.Jur., Judgments, Section 206; 49 C.J.S., Judgments, § 428.

■ Applying the above rules to the facts in this case, I hold that the Virginia judgment is not void and may not be collaterally attacked in North Carolina. The Virginia court acquired jurisdiction of the person of plaintiff by his appearance personally and through his next friend. When plaintiff voluntarily came into court and invoked the exercise of the court's powers in obtaining an or-

der or judgment against the defendant for the payment of the sum demanded, the Court acquired jurisdiction of his person. The reply of the plaintiff alleges that the Court was without jurisdiction of the person of the infant plaintiff and of the subject matter, but no facts are alleged substantiating the claim.

No serious question can be raised concerning the Virginia Court's jurisdiction of the subject matter, a transitory tort action involving one of its citizens.

■ It is essential in Virginia that the absence of jurisdiction appear on the face of the record, and neither the record nor any facts brought out by the affidavits and deposition show an absence of jurisdiction.

The plaintiff's reply alleges that extrinsic fraud was practiced upon the Virginia court "for that the true amount in controversy was not disclosed nor was the full extent of the infant plaintiff's injuries revealed." The allegations in plaintiff's reply do not present facts showing extrinsic fraud going to the jurisdiction of the court, and the facts as disclosed by the affidavits and deposition negative the presence of such fraud or collusion.

The pleadings, deposition and affidavits show that there is no genuine issue as to any material fact, that the Virginia judgment is not subject to collateral attack in this proceeding, that the judgment bars plaintiff's action, and that the defendant is entitled to summary judgment as a matter of law. Rule 56, F.R.C.P.

The two cases in Virginia which are closest in factual resemblance to this one are Gimbert v. Norfolk Southern R.R., 1929, 152 Va. 684, 148 S.E. 680 and Hinton v. Norfolk & W. Ry., 1923, 137 Va. 605, 120 S.E. 135. In both these cases infants sued twice on the same cause of action and in both cases the plea of res judicata was sustained as to the second action. Gimbert's first suit was dismissed on the demurrer. Hin-

ton's first suit was compromised and dismissed as settled.

Defendant's counsel will submit judgment granting motion for summary judgment and dismissing the action with costs.